UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID EARL STOCKMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FLOTEK INDUSTRIES, INC., et al.,<br><br>Defendants. | § § § § § § § § § § § § § | Civil Action No. 4:09-cv-02526<br><br><u>CLASS ACTION</u> |

**MEMORANDUM IN SUPPORT OF THE MOTION OF CAROLE BURKE FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL**

00151725

I.  **PRELIMINARY STATEMENT**

Presently pending before this Court is a securities class action lawsuit (the "Action") brought on behalf of all those who purchased or otherwise acquired Flotek Industries, Inc. ("Flotek" or the "Company") between May 8, 2007 and January 23, 2008, inclusive (the "Class Period"), and alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Class member Carole Burke hereby moves this Court for an order to: (i) appoint Carole Burke as Lead Plaintiff in the Action under Section 21D(a)(3)(B) of the Exchange Act; and (ii) approve Carole Burke's selection of the law firms of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") and Holzer Holzer & Fistel, LLC ("Holzer Holzer") to serve as Lead Counsel and the law firm of Schwartz, Junell, Greenberg & Oathout, LLP ("Schwartz Junell") to serve as Liaison Counsel.

This motion is made on the grounds that Carole Burke is the most adequate plaintiff, as defined by the PSLRA. Carole Burke suffered losses of $234,299.38 in connection with her purchases of shares of Flotek stock during the Class Period. *See* Greenberg Decl. Ex. B.[1] In addition, Carole Burke, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that her claims are typical of the claims of the putative class and that she will fairly and adequately represent the interests of the class.

---

[1]  References to the "Greenberg Decl. Ex. ___" are to the exhibits attached to the accompanying Declaration of Roger B. Greenberg dated October 6, 2009 and submitted herewith.

## II.   FACTUAL BACKGROUND[2]

Flotek supplies drilling and production related products and services to the energy and mining industries in the United States and internationally. The Company operates in three segments: Chemicals and Logistics, Drilling Products, and Artificial Lift.

The complaint charges Flotek and certain of its executives with violations of the Exchange Act. The complaint alleges that, throughout the Class Period, defendants failed to disclose material adverse facts about the Company's true financial condition, business and prospects. Specifically, the complaint alleges that defendants failed to disclose the following adverse facts, among others: (i) the Company was experiencing weakness in its Rocky Mountain sales region due to its decision to not cut prices to the level of its competitors; (ii) the Company's operating profit margins were being negatively impacted as customers increasingly opted to rent equipment instead of purchasing it; (iii) sales in the Company's chemicals division were declining due to a decrease in fracing activity; and (iv) as a result of the foregoing, defendants' positive statements concerning the Company's guidance and prospects were lacking in a reasonable basis at all relevant times.

On October 31, 2007, Flotek announced its financial results for the third quarter of 2007, the period ended September 30, 2007. That same day, the Company held a conference call with investors and analysts, during which it was revealed, among other things, that all three of the Company's segments were negatively affected by lower gas prices in the Rocky Mountains. In response to this announcement, the price of Flotek common stock fell $14.35 per share, or 28%, to close at $36.45 per share, on November 29, 2007, on heavy trading volume. Defendants, however, continued to conceal the full extent of the problems at the Company.

---

[2]   These facts are drawn from the allegations in this Action.

Then, on January 23, 2008, Flotek announced that the Company was revising its previously announced guidance for the year ending December 31, 2007. In response to this announcement, the price of Flotek common stock fell $7.60 per share, or 30%, to close at $17.86 per share, on January 24, 2008, on heavy trading volume.

## III.   ARGUMENT

### A.   CAROLE BURKE SHOULD BE APPOINTED LEAD PLAINTIFF

#### 1.   The Procedure Required By The PSLRA

The PSLRA has established a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Securities Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the Action caused the first notice regarding the pendency of these actions to be published on *Business Wire*, a national, business-oriented newswire service, on August 7, 2009. *See* Greenberg Decl. Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]she court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. Carole Burke Satisfies the "Lead Plaintiff" Requirements Of The Exchange Act

#### a. Carole Burke Has Complied With The Exchange Act And Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §§78u-4(a)(3)(A) and (B) expires on October 6, 2009. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on August 7, 2009), Carole Burke timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Carole Burke has duly signed and filed a certification stating that she is willing to serve as the representative party on behalf of the class. *See* Greenberg Decl. Ex. C. In addition, Carole Burke has selected and retained competent counsel to represent her and the class. *See* Greenberg Decl. Exs. D-F. Accordingly, Carole Burke has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have her application for appointment as Lead Plaintiff and selection of Lead and Liaison Counsel as set forth herein, considered and approved by the Court.

### b. Carole Burke Has the Requisite Financial Interest in the Relief Sought By the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Greenberg Decl. Ex. C., Carole Burke purchased shares of Flotek stock in reliance upon the materially false and misleading statements issued by the defendants and was injured thereby. In addition, Carole Burke incurred a substantial $234,299.38 loss on her transactions in Flotek shares. Carole Burke thus has a significant financial interest in this case. Therefore, Carole Burke satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### c. Carole Burke Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Lax v. First Merchants Acceptance Corp.*, Civ. No. 97 C 2715, 1997 U.S.

Dist. LEXIS 11866 at *20, (N.D. Ill. Aug. 11, 1997). Carole Burke satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying her appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members") (citations omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981).

Carole Burke satisfies this requirement because, just like all other class members, she: (1) purchased Flotek shares during the Class Period; (2) purchased Flotek shares in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, Ms. Burke's claim is typical of those of other class members since her claim and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Carole Burke to represent the class to the existence of any conflicts between the interests of Ms.

Burke and the members of the class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *Modell v. Eliot Sav. Bank*, 139 F.R.D. 17, 23 (D. Mass. 1991) (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985)).

Here, Carole Burke is an adequate representative of the class. As evidenced by the injuries suffered by Ms. Burke, who purchased Flotek shares at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of Ms. Burke are clearly aligned with the members of the class, and there is no evidence of any antagonism between Ms. Burke's interest and those of the other members of the class. Further, Ms. Burke has taken significant steps which demonstrate that she will protect the interests of the class: she has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Ms. Burke's proposed Lead and Liaison Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Carole Burke *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### B. THE COURT SHOULD APPROVE CAROLE BURKE'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class she seeks to represent. In that regard, Carole Burke has selected the law firms of Coughlin Stoia and Holzer Holzer as Lead Counsel and the law firm of Schwartz Junell as Liaison Counsel, firms which have substantial experience in the prosecution of shareholder and securities class actions. *See* Greenberg Decl. Exs. D-F. Accordingly, the Court should approve Carole Burke's selection of counsel.

## IV. CONCLUSION

For all the foregoing reasons, Carole Burke respectfully requests that the Court: (i) appoint Carole Burke as Lead Plaintiff in the Action; (ii) approve her selection of Lead and Liaison Counsel as set forth herein; and (iii) grant such other relief as the court may deem just and proper.

DATED: October 6, 2009

SCHWARTZ, JUNELL, GREENBERG & OATHOUT, LLP

/s/ *Roger B. Greenberg*
ROGER B. GREENBERG

ROGER B. GREENBERG
State Bar No. 08390000
Federal I.D. No. 3932
Thane Tyler Sponsel III
State Bar No. 24056361
Federal I.D. No. 690068
Two Houston Center
909 Fannin, Suite 2700
Houston, TX 77010
Telephone: 713/752-0017
713/752-0327 (fax)

[Proposed] Liaison Counsel

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JONAH H. GOLDSTEIN
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

- 8 -
00151725

COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

HOLZER HOLZER & FISTEL, LLC
COREY D. HOLZER
MICHAEL I. FISTEL, JR.
200 Ashford Center North, Suite 300
Atlanta, Georgia 30338
Telephone: 770/392-0090
770/392-0029 (fax)

[Proposed] Co-Lead Counsel for Plaintiff

DYER & BERENS LLP
ROBERT J. DYER III
JEFFREY A. BERENS
682 Grant Street
Denver, Colorado 80203
Telephone: 303/861-1764
303/395-0393 (fax)

Additional Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on this 6th day of October, 2009, a true and correct copy of the foregoing *Memorandum in Support of Motion of Carole Burke for Appointment as Lead Plaintiff and for Approval of Selection of Lead and Liaison Counsel* was served by electronic ECF notice or U.S. mail upon all counsel listed on the attached Service List.

/s/ Roger B. Greenberg
Roger B. Greenberg

FLOTEK
Service List - 10/6/2009   (09-0130)
Page 1 of 1

**Counsel For Defendant(s)**

Peter A. Stokes
Fulbright & Jaworski L.L.P.
600 Congress Avenue, Suite 2400
Austin, TX 78701
   512/536-5387
   512/536-4598(Fax)

Gerard G. Pecht
Fulbright & Jaworski L.L.P.
1301 McKinney, Suite 5100
Houston, TX 77010-3095
   713/651-5151
   713/651-5246(Fax)

**Counsel For Plaintiff(s)**

Samuel H. Rudman
David A. Rosenfeld
Mario Alba Jr.
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY 11747
   631/367-7100
   631/367-1173(Fax)

Jonah H. Goldstein
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
   619/231-1058
   619/231-7423(Fax)

Robert J. Dyer III
Jeffrey A. Berens
Dyer & Berens LLP
682 Grant Street
Denver, CO 80203-1764
   303/861-1764
   303/395-0393(Fax)

Corey D. Holzer
Michael I. Fistel, Jr.
Holzer Holzer & Fistel, LLC
200 Ashford Center North, Suite 300
Atlanta, GA 30338
   770/392-0090
   770/392-0029(Fax)

Roger B. Greenberg
Schwartz, Junell, Greenberg & Oathout, LLP
Two Houston Center
909 Fannin, Suite 2700
Houston, TX 77010
   713/752-0017
   713/752-0327(Fax)