Michael A. Lee
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Terrell W. Oxford
901 Main Street. Suite 5100
Dallas, Texas 75202-3775
Telephone: (214) 754-1900
Facsimile: (214) 754-1933

*Proposed Liaison Counsel for the Class*

-and-

BROWER PIVEN
  A Professional Corporation
Charles J. Piven
Yelena Trepetin
World Trade Center-Baltimore
401 East Pratt Street, Suite 2525
Baltimore, Maryland 21202
Telephone: (410) 332-0030
Facsimile: (410) 685-1300

*Proposed Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS—HOUSTON DIVISION

| | |
|---|---|
| DAVID EARL STOCKMAN, Individually and on behalf of all others similarly situated<br><br>Plaintiff<br><br>v.<br><br>FLOTEK INDUSTRIES, INC., JERRY D. DUMAS, SR. and LISA G. MEIER<br><br>Defendants | Civil Action No. 4:09-CV-02526<br><br>MEMORANDUM IN SUPPORT OF MOTION OF SEAN M. FEELEY TO BE APPOINTED LEAD PLAINTIFF AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL |

980895v1/011659

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT..................................................................................1

PROCEDURAL BACKGROUND..............................................................................2

STATEMENT OF FACTS..........................................................................................2

ARGUMENT................................................................................................................4

I.    MR. FEELEY SHOULD BE APPOINTED
LEAD PLAINTIFF..........................................................................................4

    A.    The Procedural Requirements Pursuant to the PSLRA..........................4

    B.    Mr. Feeley Is "The Most Adequate Plaintiff"........................................5

        1.    Mr. Feeley Has Complied With The
PSLRA And Should Be Appointed Lead Plaintiff........................5

        2.    Mr. Feeley Has The Largest Financial Interest.............................6

        3.    Mr. Feeley Satisfies The Requirements Of Rule 23.......................6

            i.  Mr. Feeley's Claims Are Typical Of The Claims
Of All The Class Members......................................................7

            ii.  Mr. Feeley Will Adequately Represent
The Class..................................................................................8

II.    THE COURT SHOULD APPROVE MR. FEELEY'S
CHOICE OF LEAD COUNSEL.....................................................................9

CONCLUSION............................................................................................................9

## **PRELIMINARY STATEMENT**

Mr. Sean M. Feeley ("Mr. Feeley" or "Movant") submits this memorandum in support of his motion: (1) to be appointed Lead Plaintiff in this Action pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by Section 101(b) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (2) for approval of his selection of the law firm of Brower Piven, A Professional Corporation ("Brower Piven"), as Lead Counsel for Lead Plaintiff and the Class, and the law firm of Susman Godfrey L.L.P. ("Susman Godfrey"), as Liaison Counsel for Lead Plaintiff and the Class.

As described in the Schedule of Transactions and Losses for Sean M. Feeley attached to the Declaration Of Terrell W. Oxford In Support Of The Motion Of Sean M. Feeley To Be Appointed Lead Plaintiff And To Approve Proposed Lead Plaintiff's Choice Of Counsel ("Oxford Decl."), at Exhibit B, Mr. Feeley has suffered a loss of approximately $67,457.47 as a result of his purchases of shares of Flotek Industries, Inc. ("Flotek" or "Company") common stock between May 8, 2007 and January 23, 2008, inclusive (the "Class Period"). To the best of his knowledge, Mr. Feeley has sustained the largest loss of any investor seeking to be appointed Lead Plaintiff in this Action.

In addition to evidencing the largest financial interest in the outcome of this litigation, Mr. Feeley's Plaintiff's Certification demonstrates his intent to serve as Lead Plaintiff in this litigation ("… [I am] willing to serve as a lead plaintiff … who acts on behalf of other class members in directing the action… [my] ability to share in any recovery as a member of the class is unaffected by [my] decision to serve as a representative party"), including his cognizance of

his duties of serving in that role.[1]  *See* Oxford Decl., Exhibit A at ¶¶3, 6.  Mr. Feeley fully understands his duties and responsibilities to the proposed class (the "Class"), and is willing and able to oversee the vigorous prosecution of this Action.  Mr. Feeley is presumptively the "most adequate plaintiff."

## PROCEDURAL BACKGROUND

The first lawsuit was filed on August 7, 2009 in this Court.[2]  Pursuant to 15 U.S.C. §78u-4(a)(3)A)(i), on August 7, 2009, the first notice that a class action had been initiated against Defendants was published on *Business Wire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than 60 days (October 6, 2009) from the notice.  *See* Oxford Decl., Exhibit C.

Mr. Feeley is a member of the Class (*see* Oxford Decl., Exhibit A), and he has timely moved within the 60-day period following publication of the August 7, 2009 notice as required for appointment as Lead Plaintiff under the PSLRA.

## STATEMENT OF FACTS[3]

Flotek is a manufacturer and marketer of innovative specialty chemicals, downhole drilling and production equipment and manager of automated bulk material handling, loading

---

[1] The PSLRA authorizes any member or group of members of the putative Class seeking to be appointed Lead Plaintiff to either file a complaint or move for appointment as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).  A copy of Mr. Feeley's Plaintiff's Certification reflecting his transactions in Flotek common stock during the Class Period is attached as Exhibit A to the Oxford Declaration.

[2] *Stockman v. Flotek Industries, Inc., et al.*, No. 09-cv-02526 (S.D. Tex.; filed Aug. 7, 2009) ("*Stockman*").

[3] The factual allegations set forth herein are taken from the complaint in *Stockman*.

and blending facilities. Flotek services both domestic and international major and independent companies in the international oilfield service industry. The Action alleges that Flotek, its Chairman, Chief Executive Officer and President, Jerry D. Dumas, Sr. ("Dumas"), and its Chief Financial Officer, Lisa G. Meier, issued materially false and misleading statements that misrepresented and concealed material adverse facts relating to the Company's weakness in sales that were a result of, but not limited to, its non-competitive pricing, the consumer trend toward renting rather than purchasing, and the decrease in fracing[4] activity, which caused Defendants' statements regarding the Company's guidance and prospects to lack a reasonable basis. During the Class Period, Flotek made positive statements regarding the Company's performance, guidance and prospects and downplayed any disruptions and declines in sales.

On January 23, 2009, Flotek shares fell 30% after the Company issued a press release announcing that it was revising its previously announced guidance for the year ending December 31, 2007. The press release also revealed the decrease in fracing activity and its implementation of the rental tool management system, as well as the strengthening of internal controls and general and administrative expenses. Then, on March 17, 2008, in a conference call defendant Dumas stated that the Company was going to change its strategy from the prior year to meet competition in its dumb iron business. As a result of Defendants' materially misleading statements and grossly inflated projections concerning the Company's guidance and prospects during the Class Period, Mr. Feeley and other Class members purchased the Company's common stock at artificially inflated prices, causing them damages following disclosures that caused the stock to plummet.

---

[4] Fracing is used to stimulate production in oil and gas wells. In fracing, fluid is pumped into the well at pressures high enough to fracture the oil/gas bearing formation. The fracture provides an easier path for fluids in the formation to flow back to the wellbore.

## ARGUMENT

### I.   MR. FEELEY SHOULD BE APPOINTED LEAD PLAINTIFF

#### A.   The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a strict, detailed procedure for the selection of Lead Plaintiff to oversee a securities class action. *See* 15 U.S.C. §78u-4(a)(3); *Brody v. Zix Corp.*, No. 04-cv-1931, 2005 U.S. Dist. LEXIS 13871, at *3 (N.D. Tex. July 11, 2005).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the Class informing Class members of their right to file a motion for appointment as Lead Plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the Action published a notice through *Business Wire* on August 7, 2009. *See* Oxford Decl., Exhibit C.[5] This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than 60 days from the date of the press release, which would be October 6, 2009. Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the Action. 15 U.S.C. §78u-4(a)(3)(A) and (B).

Next, the PSLRA requires that within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class Members. 15 U.S.C. §78u-4(a)(3)(B)(i); *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 440 (S.D. Tex. 2002). In making this determination, the statute directs the Court to the following objective criteria:

---

[5] *Business Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 403 (S.D.N.Y. 2004).

The court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—

> (aa) has either filed the complaint or made a motion in response to a notice…
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

### B. Mr. Feeley Is "The Most Adequate Plaintiff"

#### 1. Mr. Feeley Has Complied With the PSLRA and Should Be Appointed Lead Plaintiff

Mr. Feeley moves this Court to be appointed Lead Plaintiff and has timely filed the instant motion to be appointed Lead Plaintiff within the 60-day time period required by the PSLRA. The plaintiff in the first-filed action published notice on *Business Wire*, a national business-oriented wire service, on August 7, 2009. Accordingly, Mr. Feeley meets the requirements of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) and has filed his motion by October 6, 2009. *See also In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427 at 440.

Moreover, Mr. Feeley has the largest known financial interest in the relief sought from his investment in Flotek common stock. Mr. Feeley has shown his willingness to represent the Class by signing the sworn Plaintiff's Certification detailing his Flotek transaction information during the Class Period and confirming his willingness to discharge the obligations of a class representative in this Action. *See* Oxford Decl., Exhibit A.

In addition, Mr. Feeley has selected and retained highly competent counsel with significant experience in securities class action litigation and other complex litigation to represent the Class. The firm resumes of proposed Lead Counsel, Brower Piven, and proposed

Liaison Counsel, Susman Godfrey, are attached as Exhibits D and E, respectively, to the Oxford Declaration.

### 2. Mr. Feeley Has the Largest Financial Interest

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. *See In re Enron Corp. Sec. Litig.*, 206 F.R.D. at 440; *Gluck v. CellStar Corp.* 976 F. Supp. 542, 546 (N.D. Tex. 1997). As demonstrated herein, Mr. Feeley, with losses of approximately $67,457.47, has the largest known financial interest in the relief sought by the Class. *See* Oxford Decl., Exhibit B.

### 3. Mr. Feeley Satisfies the Requirements of Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Enron*, 206 F.R.D. at 442. Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. *See In re Waste Mgmt., Inc., Sec. Litig.*, 128 F. Supp. 2d 401, 411 (S.D. Tex. 2000). Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs

of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See In re Enron*, 206 F.R.D. at 442.

As detailed below, Mr. Feeley satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff. Mr. Feeley has claims that are typical of those of other Class Members and he can adequately serve as Lead Plaintiff.

      i.    **Mr. Feeley's Claims Are Typical Of the Claims Of All The Class Members**

Under Rule 23(a)(3), typicality exists where "the claims … of the representative parties" are "typical of the claims … of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002) (citing *James v. City of Dallas*, 254 F.3d 551, 571 (5th Cir. 2001)); *In re Enron Corp. Sec. Litig.*, 206 F.R.D. at 445. In this case, the typicality requirement is met because the claims of Mr. Feeley are identical to, and non-competing and non-conflicting with, the claims of the other Class members.

Mr. Feeley purchased Flotek common stock during the Class Period, when the stock prices were artificially inflated as a result of Defendants' misrepresentations and omissions, and both Mr. Feeley and the Class Members suffered damages as a result of these purchases. Therefore, Mr. Feeley's claims are like "the claims of each member of the class [and] arise from the same events leading to the same typical claims." *Stirman*, 208 F.3d at 562. Moreover, Mr. Feeley is not subject to any unique or special defenses. Thus, Mr. Feeley meets the typicality requirement of Fed. R. Civ. P. 23, because his claims are the same as the claims of the other Class members.

### ii. Mr. Feeley Will Adequately Represent the Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. §78u-4(a)(3)(B).

Mr. Feeley's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Mr. Feeley and the other Class members, but Mr. Feeley has a significant, compelling interest in prosecuting this Action to a successful conclusion based upon the very large financial loss of approximately $67,457.47 that he has suffered as a result of the wrongful conduct alleged in this Action. This motivation, combined with Mr. Feeley's identical interests with the members of the Class, demonstrates that Mr. Feeley will vigorously pursue the interests of the Class. In addition, Mr. Feeley has selected law firms to represent him and the Class that are highly experienced in prosecuting securities class actions.

In sum, because of Mr. Feeley's common interests with the Class members, his clear motivation and ability to vigorously pursue this Action, and his competent counsel, Mr. Feeley meets the adequacy requirement of Fed. R. Civ. P. 23. Since Mr. Feeley meets both the typicality and adequacy requirements of Fed. R. Civ. P. 23, and has sustained the largest amount of losses from Defendants' alleged wrongdoing, Mr. Feeley is the presumptive Lead Plaintiff in accordance with 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), and he should be appointed as such to lead this Action.

## II. THE COURT SHOULD APPROVE MR. FEELEY'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Thus, this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Mr. Feeley has selected Brower Piven and Susman Godfrey to serve as Lead Counsel and Liaison Counsel, respectfully, for Lead Plaintiff and the Class. Brower Piven has not only prosecuted complex securities fraud class actions, but has also successfully prosecuted many other types of complex class actions as lead and/or class counsel. *See* Oxford Decl., Exhibit D. In addition, Susman Godfrey is a well respected law firm, and its attorneys have experience litigating complex commercial actions. *See* Oxford Decl., Exhibit E. This Court may be assured that in the event that Mr. Feeley's Motion is granted, the members of the Class will receive the highest caliber of legal representation.

## CONCLUSION

For all of the foregoing reasons, Mr. Feeley respectfully requests that this Court enter an order (1) appointing Mr. Feeley to serve as Lead Plaintiff; (2) approving Mr. Feeley's selection of Lead Counsel and Liaison Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper

Dated: October 6, 2009                           Respectfully Submitted,

**SUSMAN GODFREY L.L.P.**

/s/ Michael A. Lee
Michael A. Lee
State Bar No. 12074620; Fed. Bar No. 4171
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Terrell W. Oxford
State Bar No. 15390500; Fed. Bar. No. 03730
*Attorney-in-charge*
901 Main Street, Suite 5100
Dallas, Texas 75202-3775
Telephone: (214) 754-1900
Facsimile: (214) 754-1933


*Proposed Liaison Counsel for the Class*

**BROWER PIVEN**
  A Professional Corporation
David A.P. Brower
Jessica Sleater
488 Madison Avenue
Eighth Floor
New York, New York 10022
Telephone: (212) 501-9000
Facsimile: (212) 501-0300

**BROWER PIVEN**
  A Professional Corporation
Charles J. Piven
Yelena Trepetin
World Trade Center-Baltimore
401 East Pratt Street, Suite 2525
Baltimore, Maryland 21202
Telephone: (410) 332-0030
Facsimile: (410) 685-1300

*Counsel for Sean M. Feeley and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that this Memorandum In Support Of The Motion Of Sean M. Feeley To Be Appointed Lead Plaintiff And To Approve Proposed Lead Plaintiff's Choice Of Counsel was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and electronically sent to those indicated as non-registered participants on October 6, 2009.

/s/ Michael A. Lee